CARROLL, DONALD K., Chief Judge.
The surety on an appearance bond has appealed from a judgment and an order consequent thereupon entered by the Circuit Court for Duval County ordering recovery on the bond by the State of Florida.
The bond in question was executed by the said surety, with one Abraham H. LePrell as principal, to secure his appearance in the Criminal Court of Record of Duval County. Upon LePrell’s failure to appear, the Criminal Court of Record forfeited the bond, and the Circuit Court subsequently entered the judgment appealed from.
This is a companion case to nine other cases that have been appealed to this court involving the same parties on appeal and comparable factual situations with the exception of one basic fact, which distinguishing fact requires a different disposition from that in the other nine cases, as discussed below. Eight of the nine cases were affirmed in a decision of this court reported as Public Service Mutual Insurance Company v. State, 135 So.2d 777 (Fla.App.1961). The ninth case was affirmed per curiam on the authority of that decision, as reported in 136 So.2d 252 (Fla.App.1962).
In our opinion in 135 So.2d 777 this court discusses extensively the principles and authorities applicable to this class of cases, and there is no need for us to repeat that discussion here, other than to quote the following from our said opinion:
“In the leading case of Taylor v. Taintor, 16 Wall 366, 83 U.S. 287, 21 L.Ed. 287, the principal left the state where his bond was returnable and was incarcerated in another state for violation of its laws. In the case on review, the factual distinction is that Jordan was incarcerated in South Carolina under the laws of the United States. In Taylor v. Taintor the decision against the sureties turned, however, on the proposition that it was not an act of the law which made it impossible for the principal to appear in the state where provided under the bond, but rather, the act of the principal in leaving the state where,the bond was returnable and exposing himself to the control and action of the state in which he was incarcerated, and it was held that the sureties must accept the consequences of having allowed the principal to so remove himself. These precepts apply to the cases on review. Appellant’s inability to surrender Jordan was not due to an act of the law but to Jordan’s act in exposing himself to the control of the federal authorities in South Carolina and thereby being prevented from appearing in the Criminal Court of Record in Duval County. As in the cited case, Jordan’s surety (appellant) must accept the consequences of its failure to keep him within the limits of this state and produce him under the bond.”
In the nine companion cases the act that made it impossible for the principal to ap *68 pear in the Florida court was the act of the principal in leaving the State of Florida and exposing himself to the control and action of a governmental authority outside of Florida; but not so in the case now before us.
The basic facts revealed in the record before us on the present appeal are:
On January 4, 1960, the said principal, LePrell, was tried and convicted in the Criminal Court of Record of Duval County for a violation of the Florida beverage laws. ITe appealed from the judgment and sentence to the Circuit Court for Duval County. On the mentioned date, also, Le-Prell, as principal, and the appellant herein, as surety, executed and filed in the Criminal Court of Record an appearance bond, denominated a supersedeas bond, in the amount of $2,500, which bond was conditioned as follows: “ * * * if the said Abraham LePrall shall diligently prosecute his said appeal and in the event that said appeal be dismissed or the said judgment and sentence be affirmed, shall be personally forthcoming to answer and abide the final order, sentence or judgment which may be passed'in the premisese by the appellate court, and that in case the cause is remanded that the plaintiff-in-error shall personally be and appear at the next term of the court, in which the case was originally determined, thereafter to be held, from day to day and term to term, to answer in the premises and not to depart from the court without leave thereof, then this obligation to be null and void else to remain in full force, effect, and virtue.”
On July 5, 1961, LePrell was required to appear in the Criminal Court of Record, but he failed to so appear and the court entered an order forfeiting the said appearance bond. A certified copy of this order was filed in the Circuit Court for Duval County by the county solicitor of that county, and on January 19, 1961, the Circuit Court entered the final judgment appealed from, adjudging that the State of Florida, for the use and benefit of Duval County, recover from LePrell and the appellant here the sum of $2,500, the principal amount of the said appearance bond.
On February 15, 1961, the appellant filed in the Circuit Court an application for remission of forfeiture, asking the court for remission of forfeiture of the said bond on which the said judgment was entered, for the reason that at the time the said bond was estreated the said LePrell
“ * * * could not return or be delivered to said trial court because said defendant at such time had been sentenced by the United States District Court for the Southern District of Florida, Jacksonville, Florida Division to serve time in the Federal Prison and was at such time serving said sentence in the Federal Prison; and on the further grounds that the Criminal Court of Record for Duval County, Florida and the State of Florida has sentenced said Abraham LaPrell to serve one year in the County Jail of Duval County, Florida, which sentence has yet to be served and for which serving of said sentence said Criminal Court of Record and the State of Florida has the hold order and writ on file with the United States to return said defendant to the State of Florida and said Criminal Court of Record to serve said one year sentence as soon as the Federal sentence on said defendant has been served. * * *”
The record before us on this appeal does not disclose the nature of the federal offense for which LePrell was convicted, the date of its commission, the length of the federal sentence, nor the location of the federal prison in which Le-Prell was incarcerated. Nevertheless, it does appear from the appellant’s said application, as mentioned above, that LePrell was sentenced by the United States District Court for the Southern District of Florida, Jacksonville Division, which court, we judicially know, has concurrent jurisdiction with state courts over many judi-ciable matters within a portion of the geo *69 graphical area of Florida. LePrell did not have to leave the boundaries of the State of Florida to subject himself to the processes and jurisdiction of the mentioned United States Court. In these circumstances the utmost diligence on the part of the surety could hardly have prevented Le-Prell from exposing himself to the control of the federal authorities within the State of Florida while he was out on bail.
Under the principles discussed and recognized in our opinion in Public Service Mutual Ins. Co. v. State, 135 So.2d 777 (Fla. App.1961), the action of the Federal Court which made it impossible for LePrell to appear in the trial court at the required time constitutes an act of the law which operates to exonerate the bond involved on this appeal.
We hold, therefore, that the Circuit Court erred in denying the appellant’s application for remission of forfeiture, so the judgment and order appealed from must be, and they are, reversed and the cause is remanded with directions for further proceedings consistent with the views herein expressed.
WIGGINTON and RAWLS, JJ., concur.